UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAD JAMES (#29714-034) | CIVIL ACTION NO. |
| VERSUS | 14-364-SDD-SCR |
| BECKY GIDDENS<br>UNITED STATES DEPARTMENT<br>OF JUSTICE, FOR THE FBI | |

**RULING**

This matter is before the Court on the *Motion to Dismiss*[1] filed by the Defendant, United States of America ("the Government"). Plaintiff, Chad James, *pro se*, has filed an *Opposition*[2] to this motion. For the reasons which follow, the Government's motion will be granted.

**I.    FACTUAL BACKGROUND**

Plaintiff is currently incarcerated in the United States Penitentiary in Lewisburg, Pennsylvania. Plaintiff filed this action ostensibly seeking a judgment mandating the Federal Bureau of Investigations ("FBI") to investigate a complaint of purported criminal activity which he sent to the agency. Plaintiff claims that he sent a complaint to the Baton Rouge office of the FBI contending that he was arrested as a fugitive two hours prior to his arrest warrant being faxed to the unidentified arresting officers, and that an

---

[1] Rec. Doc. No. 10.
[2] Rec. Doc. No. 13.
28579

Assistant District Attorney has a "SECRET POCKET LINING SOCIETY" that "Bullied" and "COERCED" him to become a confidential informant in the "DRUG TRADE."[3] Because the certified mail envelope containing Plaintiff's complaint was received at the FBI and signed for by Becky Giddens, she was named as the sole defendant in this action.[4] Because the FBI has not responded to Plaintiff's correspondence, Plaintiff instituted this action seeking a judicial order enforcing the FBI to investigate his allegations. Plaintiff also demands to appear before a grand jury with Becky Giddens' FBI Investigation Report.[5]

As the real party Defendant, the Government has moved to dismiss this action on several grounds: Plaintiff has failed to effect service of process; Plaintiff has failed to state a claim for which relief may be granted as he lacks standing to bring this claim; and this action is frivolous under the law. Plaintiff filed a "RESPONSE"; however, in less than two hand-written pages, Plaintiff states only that, "as a 'Layman' I am not effective enough the litigator to legally or technically mount an argument to equal the United States Attorney Defense."[6] He continues: "I have submitted IRREFUTABLE facts and evidence of crime and violations of federal law…"[7]

## II.   INSUFFICIENT SERVICE OF PROCESS

The Government moves to dismiss this action under Rules 12(b)(5) and 4(m) for insufficient service of process. "In the absence of valid service of process, proceedings

---

[3] Rec. Doc. No. 1, p. 3; Rec. Doc. No. 1-1, pp. 4-6.
[4] Rec. Doc. No. 1-1, p.4 & p. 7.
[5] Rec. Doc. No. 1, pp. 5-6.
[6] Rec. Doc. No. 13, p. 1.
[7] *Id.*
28579

against a party are void.[8]  When service of process is challenged, the party making service has the burden to establish its validity."[9]

Although Plaintiff named Becky Giddens as the Defendant in this action, under the law, the real party defendant is the United States of America.  Ostensibly, Giddens has been sued in her official capacity with the FBI, and it is clear that it is the FBI that Plaintiff wants ordered to act.  As the Government points out, "claims against officers of the United States in their official capacities are actually claims against the sovereign."[10]

Rule 4(i)(3) of the Federal Rules of Civil Procedure sets forth to process to serve an officer or employee of the United States.  The rule requires that both the officer and the United States itself be served with process.  The requirements for service of process upon the United States are set forth in Rule 4(i)(l), which requires that the United States be served through the United States Attorney's Officer for the district where the action is brought and the office of the Attorney General for the United States.  If a defendant is not properly served within 120 days of the filing of the action, the action is dismissed with prejudice as to that defendant, or the court may order that service be made within a certain time.

This action was filed on June 9, 2014, and the record reflects that, while Giddens has been served,[11] the United States has never been served.  The Government has

---

[8] *Blankenship v. U.S.*, 2004 WL 4986557, at *3 (S.D. Tex. Oct. 15, 2004)(citing *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981).
[9] *Id.*, citing *Aetna*, 635 F.2d at 435.
[10] *Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011)(citing *S. Sog, Inc. v. Roland*, 644 F.2d 376, 380 (5th Cir. Unit A May 1981)).
[11] Rec. Doc. No. 9.
28579

submitted evidence establishing that the United States Attorney's Office has never been served.[12]  Moreover, the Government contends that Plaintiff cannot demonstrate good cause for his failure to serve process in this matter.  On October 28, 2014, the magistrate judge issued an order that the United States Marshal serve the defendant.[13]  In connection with this order, the magistrate judge also ordered the Plaintiff to complete Marshal's U.S.M. 285 service of process form, return it to the United States Marshal, and promptly pay the service fee.  This order also granted Plaintiff an additional forty-five (45) days to effect service.  This extension of time expired on December 12, 2014, and there is nothing in the record to suggest that Plaintiff has complied with any of these orders.  Accordingly, this action should be dismissed under Rules 12(b)(5) and 4(m).

## III.   FAILURE TO STATE A CLAIM

The Court also finds that Plaintiff not only lacks standing as argued by the Government, but has failed to state a claim upon which relief may be granted.  Plaintiff does not have a legal right to demand that the FBI investigate his, or any, complaint.  As stated by the United States District Court for the District of Columbia:

> Additionally, "[it] is well settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Secretary of Labor*, 739 F.Supp. 28, 30 (D.D.C.1990). Under 28 U.S.C. § 535(a), the FBI "may investigate" certain crimes involving a Government official or employee; but it is not required to investigate every complaint filed. *See William van Allen v. Janet Reno*, No. 99–CV–1849, 2000 U.S. Dist. LEXIS 19128, at *4 (N.D.N.Y. Dec. 18, 2000) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973)) (finding that a private citizen cannot compel a

---

[12] Rec. Doc. No. 10-2 (Declaration of Janice Johnson).
[13] Rec. Doc. No. 7.
28579

government agency such as the Department of Justice or the FBI to open an investigation of alleged criminal activities);  *Gant v. FBI,* 992 F.Supp. 846, 848 (S.D.W.Va.1998). Several courts have held that the FBI's decision to investigate is a discretionary act, not a mandatory one,  *see Agunbiade v. United States,* 893 F.Supp. 160, 163 (E.D.N.Y.1995), and hence have denied mandamus relief where a plaintiff sought to compel the FBI to investigate a claim of alleged criminal activity,  *see  Tyler v. U.S. Attorney*, No. 8:07CV361, 2007 WL 3028420, at *1–2, 2007 U.S. Dist. LEXIS 76887, at *3 (D.Neb. Oct. 16, 2007) (dismissing mandamus petition to compel the FBI to investigate and pursue criminal charges for tax collection);  *van Allen*, 2000 U.S. Dist. LEXIS 19128, at *4–5 (dismissing mandamus petition to compel FBI to conduct a criminal investigation); *Gant,* 992 F.Supp. at 848 (dismissing mandamus petition seeking to order FBI to investigate his complaint that he was drugged against his will and kidnapped);  *Whittle v. Moschella*, 756 F.Supp. 589, 597 (D.D.C.1991) (dismissing mandamus petition to compel FBI to investigate a family member's death).  Also, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General," and mandamus relief cannot be sought in order to control the exercise of this discretion. *Powell v. Katzenbach*, 359 F.2d 234 (D.C.Cir.1965) (per curiam); *see also,  McCabe v. Thornburg*, No. 90–5348, 1991 U.S.App. LEXIS 25419, at *1 (D.C.Cir. Aug. 6, 1991) (per curiam).

The Court further finds that this case should be dismissed as frivolous under 28 U.S.C. § 1915A because it clearly "lacks an arguable basis in either law or fact."[14]  In his *Opposition*, Plaintiff attempts to skirt any obligation to respond to the Government's motion based on his status as a "layman."  This argument is unavailing.   Although *pro se* litigants are held to less stringent standards than lawyers, the law is clear that "a *pro se* litigant is not 'exempt ... from compliance with the relevant rules of procedural and

---

[14]  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios."  *Id.* at 327–28.
28579

substantive law.'[15] A *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer."[16]  Nevertheless, there being no factual or legal argument that would entitle Plaintiff to the relief requested, this case is dismissed as frivolous.

## IV.     CONCLUSION

For the reasons set forth above, the Government's *Motion to Dismiss*[17] is GRANTED.  This action is hereby dismissed with prejudice.[18]

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>September 14, 2015</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[15] *NCO Financial Systems, Inc. v. Harper-Horsley*, No.07-4247, 2008 WL 2277843 at *3 (E.D. La. May 29, 2008), quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).
[16] *Id.*, citing *Birl*, 660 F.2d at 593.
[17] Rec. Doc. No. 10.
[18] The Court has considered all of the parties' arguments whether or not specifically addressed herein.
28579